IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHELLEY L. ALBRIGHT, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 13-785
CAROLYN W. COLVIN, )
ACTING COMMISSIONER )
OF SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 15th day of September, 2014, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB application on September 9, 2010, alleging disability beginning on June 1, 2006, due to bipolar disorder, borderline personality disorder and spina bifida.[1] Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 17, 2012. The Appeals Council denied plaintiff's request for review on April 16, 2013, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 36 years old on her date last insured and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has

---

[1] Plaintiff remained insured for DIB purposes through December 31, 2009. Thus, the relevant period of review in this case is June 1, 2006, which was plaintiff's alleged onset date of disability, through December 31, 2009, which was the date she was last insured. See 20 C.F.R. §404.131; Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990) (a claimant is required to establish that she became disabled prior to the expiration of her insured status).

past relevant work experience as a meat wrapper, but she did not engage in substantial gainful activity at any time during the relevant period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of spina bifida, obesity, bipolar disorder, personality disorder and cannabis abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that during the relevant period, plaintiff retained the residual functional capacity to perform medium work with a number of non-exertional restrictions. Plaintiff was limited to simple, routine and repetitive work which was paced with regular activity at regular intervals. In addition, plaintiff was precluded from decision making outside of fixed parameters and she could not work as part of a team. Further, she was restricted from contact with the public, she was limited to no more than occasional contact with supervisors and she required access to written instructions. Finally, plaintiff was restricted to work involving discrete tasks (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ

concluded that through her date last insured, plaintiff's vocational factors and residual functional capacity enabled her to perform her past relevant work as a meat wrapper. In addition, based on testimony by a vocational expert, the ALJ also found that plaintiff was capable of performing other work that exists in significant numbers in the national economy, such as a garment sorter, marker or electronic worker. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act during the relevant period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the

AO 72
(Rev. 8/82)

claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[2] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred in finding her not disabled because: (1) she gave inadequate weight to the opinion of one of plaintiff's treating physicians and to the opinion of a one-time consultative examiner; (2) she gave too much weight to the opinion of a non-examining state agency psychologist who reviewed plaintiff's records; and (3) she improperly considered plaintiff's ability to perform daily activities in evaluating whether she was capable of working. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ gave inadequate weight to the opinion of her treating psychiatrist, Dr. Ronald Garbutt, which he set forth on a Mental Residual Functional Capacity Questionnaire dated December 30, 2011. (R. 670-76). On that form report, Dr. Garbutt rated plaintiff as having moderate or marked limitations in almost all areas of mental health functioning.

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical

---

[2] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(c)(2). If a treating physician's opinion is not entitled to controlling weight, the ALJ will give it the weight she deems appropriate based on such factors as whether the physician treated or examined the claimant, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§404.1527(c)(1)-(4). Under these standards, the ALJ properly determined that Dr. Garbutt's assessment should be given some weight, but not controlling weight. (R. 25).

As an initial matter, the court notes that Dr. Garbutt's assessment of plaintiff's mental residual functional capacity was issued on December 30, 2011, which post-dated the relevant period in this case by two years. Although the ALJ was not obliged to consider evidence outside of the relevant period, the ALJ thoroughly evaluated Dr. Garbutt's assessment and explained that she gave it only some weight because it was contradicted by his own treatment records which reflected examinations findings that were within normal limits. (R. 25, 364, 374-75, 470, 481, 486, 491, 494). The ALJ also explained that Dr. Garbutt's restrictive assessment of plaintiff's mental residual functional capacity was contradicted by additional treatment records from Western Psychiatric Institute and Clinic that contained clinical observations indicating plaintiff was fully oriented, she had intact thought process and improved focus and concentration. (R.

AO 72
(Rev. 8/82)

25). After reviewing the record, the court finds no error in the ALJ's consideration and weighing of Dr. Garbutt's opinion for the reasons the ALJ explained in her decision.

The court likewise finds that the ALJ properly considered the opinion issued by Dr. Sadie Strick, who performed a one-time consultative examination of plaintiff. Dr. Strick indicated on a form report that plaintiff was markedly limited in her ability to respond appropriately to work pressures in a usual work setting. (R. 430). The court agrees with the ALJ's conclusion that Dr. Strick's assessment in that regard was entitled to little weight, given the absence of greatly abnormal findings on mental status examination contained in the doctor's written report. (R. 24, 425-28). Nevertheless, to the extent Dr. Strick found that plaintiff would have difficulty responding to work pressures, the ALJ accounted for that deficiency by limiting her to simple, routine and repetitive work that is paced with regular activity at regular intervals, as well as decision making within fixed parameters, work that involves discrete tasks, no contact with the public and only occasional contact with supervisors.

Finally, the court finds no error in the ALJ's consideration of, and reliance upon, the opinion of Dr. Richard Heil, a non-examining state agency psychologist who reviewed plaintiff's records and completed a mental residual functional capacity assessment finding that plaintiff had no worse than moderate limitations in any area of mental health functioning. (R. 382-83). The ALJ did not give Dr. Heil's opinion controlling weight,

AO 72
(Rev. 8/82)

but she gave some weight to his conclusion that plaintiff "is able to meet the basic demands of competitive work on a sustained basis despite the limitations resulting from her impairments." (R. 26, 384).

Plaintiff contends that the ALJ improperly relied on Dr. Heil's opinion because he did not treat or examine her. Contrary to plaintiff's position, the regulations specify that state agency psychological consultants, such as Dr. Heil, "are highly qualified ... psychologists ... who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §404.1527(e)(2)(i).

Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In <u>Chandler v. Commissioner of Social Security</u>, 667 F.3d 356 (3d Cir. 2011), the Third Circuit determined the ALJ in that case properly relied on the state agency medical consultant's RFC assessment in support of his decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. <u>Id.</u> at 361-62.

Likewise, here, the ALJ properly relied on, and accorded some weight to, Dr. Heil's mental RFC assessment of plaintiff. As in

Chandler, the ALJ did not simply rubber stamp Dr. Heil's opinion. Rather, the ALJ incorporated Dr. Heil's opinion into the RFC Finding to an extent, but also included additional restrictions to accommodate plaintiff's mental functional limitations that were supported by the medical evidence. Accordingly, the ALJ did not err in her consideration and weighing of Dr. Heil's opinion.

Plaintiff's final argument - that the ALJ improperly considered her ability to perform daily activities in evaluating whether she was capable of working - also is without merit. Contrary to plaintiff's position, the ALJ is permitted to consider a claimant's activities of daily living in assessing the credibility of her claimed limitations. See 20 C.F.R. §404.1529(c)(3)(i) (stating that the ALJ will consider a claimant's daily activities in assessing the severity of her alleged impairments). In this case, although the ALJ found that plaintiff's daily activities were not indicative of a person who is totally disabled, the ALJ also concluded that plaintiff's emotional problems limited her ability to perform all but the simplest tasks, (R. 27), which was accounted for in the RFC Finding. Consistent with the Regulations, the ALJ properly considered plaintiff's activities of daily living as one factor among many in making the RFC Finding in this case.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

%AO 72
(Rev. 8/82)

evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: James R. Burn, Esq.
Abes-Baumann, P.C.
810 Penn Avenue
Fifth Floor
Pittsburgh, PA 15222

Colin Callahan
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219